NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0163n.06

No. 25-3651

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 10, 2026
KELLY L. STEPHENS, Clerk

RONDELL HOOKS,

      Plaintiff-Appellant,

v.

HAMILTON COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
SOUTHERN DISTRICT OF
OHIO

OPINION

Before: KETHLEDGE, NALBANDIAN and RITZ, Circuit Judges.

KETHLEDGE, Circuit Judge. A corrections officer struck and seriously injured Rondell Hooks while he was a pretrial inmate in Hamilton County, Ohio. Hooks later brought an excessive-force suit under 42 U.S.C. § 1983 against the county, the county sheriff, and the officer. The district court entered summary judgment for the defendants. We affirm.

In February 2019, a corrections officer at the jail, Kevin Ivey, notified Hooks that he had a visitor. Hooks went to the phone bank used for visitation, but Ivey had not activated the phone. Hooks felt disrespected, so he challenged Ivey to a fight. In response, Ivey ordered Hooks to return to his cell, but Hooks refused. Ivey then tried to force Hooks back toward the cell, but he resisted. Ivey struck Hooks with several punches and elbow blows, knocking him to the ground. Hooks then grabbed Ivey's leg, and Ivey continued to strike Hooks's head and back. Other officers eventually intervened and handcuffed Hooks. Hooks was later transported to a hospital, where he was treated for a fractured nose and facial hematoma.

At the time of this incident, the county sheriff maintained a grievance process that allowed inmates to "voice an informal grievance to any staff member at any time" or file a standard written grievance up to ten days after a "grievable event." R. 35-2, PageID 2380. Hooks was familiar with the process and had filed grievances at least twice before. He did not, however, file a standard grievance about his altercation with Ivey.

Instead, Hooks brought this suit, alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments. The district court granted summary judgment to the defendants because Hooks had failed to use the inmate grievance process before filing suit. We review that decision de novo. *Lamb v. Kendrick*, 52 F.4th 286, 291 (6th Cir. 2022).

The Prison Litigation Reform Act requires "a prisoner confined in any jail" to exhaust "such administrative remedies as are available" before filing a lawsuit. *See* 42 U.S.C. § 1997e(a). An inmate must take "advantage of each step the prison holds out for resolving the claim internally" so that prison officials can "correct the grievance on the merits in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (cleaned up). Here, Hooks never filed a standard grievance about the incident with Ivey. Nor in the district court did he point to evidence showing that he had voiced an informal grievance. *See* Fed. R. Civ. P. 56(c)(1). The court therefore properly granted judgment to the defendants.

On appeal, Hooks suggests that he did lodge informal grievances, and directs us to materials in the record that, he says, support that claim. But he did not cite that evidence in the district court, so we will not consider it as a ground to reverse that court here. *See HBKY, LLC v. Elk River Exp., LLC*, 150 F.4th 480, 488 (6th Cir. 2025). Hooks also contends that his failure to use the jail's grievance process should be excused because his "grievances were always ignored, destroyed or not acted upon." Appellant's Br. at 8-11. But we require inmates "to make

affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Lamb*, 52 F.4th at 293 (cleaned up). Hooks made no such effort here.

The district court's judgment is affirmed.